IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. BUCKSHAW, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6442 |
| | : | |
| CLEARWATER POLICE, *et al.*, | : | |
|     Defendants. | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| JOHN J. BUCKSHAW, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6465 |
| | : | |
| MCDONALD'S HAMBURGER | : | |
| CORPORATION, *et al.*, | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**SLOMSKY, J.**                                                               **JANUARY 7, 2021**

These two cases were filed by *pro se* Plaintiff John Buckshaw on December 10, 2020. Civil Action Number 20-6442 ("the Florida removal") is entitled an "Amended Notice of Removal" and bears the caption of the United States District Court for the Middle District of Florida.  In that pleading, Buckshaw seeks to remove to federal court a state criminal case filed in Pinellas County, Florida captioned *State of Florida v. John J. Buckshaw*, Case No. CTC 99 17479 MOANO.  Civil Action Number 20-6465 ("the second Virginia removal") is entitled a "Notice of Removal" and bears the caption of the United States District Court for the Eastern District of Virginia.  Buckshaw seeks to remove to federal court several state criminal charges filed in the General District Court of Fairfax County, Virginia.

The second Virginia removal is identical to the Notice of Removal Buckshaw previously filed in *Buckshaw v. McDonald's Hamburger Corp.*, Civ. A. No. 20-5947 ("the first Virginia removal"). The Court entered an Order in the first Virginia removal on December 4, 2020 summarily remanding the criminal cases listed in that Notice of Removal and dismissing the case with prejudice. *See id*, ECF No 4. That Order was entered because Buckshaw has failed to comply with the various procedural requirements for removal of a state criminal case; under the provisions of 28 U.S.C. § 1455(a) Buckshaw could not remove a criminal matter from a Virginia state court to the United States District Court for the Eastern District of Pennsylvania; the pleading Buckshaw sent to the Court was not signed as required by Rule 11; and Buckshaw failed to allege any statutory basis for removing the state criminal case. *See id.*, ECF No. 3 at 4-6. For substantially identical reasons, the two cases captioned above will also be summarily remanded to their respective States pursuant to 28 U.S.C. § 1455(b)(4).[1]

## I.      FACTUAL ALLEGATIONS

In the Florida removal, Buckshaw names as Defendants three Florida police departments, the Tampa Library, "FedEx Offices," "County Court, Pinellas County," the Florida Attorney General and the Supreme Court of Florida. He seeks to remove criminal prosecutions and stay state court proceedings filed against him for sleeping on a bench in the Tampa Library and at a FedEx office. (ECF No. 1 at 2.) He claims police "issued a no trespassing notice in bad faith because [Buckshaw's business is] too small." (*Id.*) He also alleges he was the victim of crimes

---

[1] While Buckshaw sent the captioned cases to this Court, neither of the pleadings bears this Court's name in their captions. As with Buckshaw's earlier tranche of cases, it remains unclear whether he misdirected his filings or intended to file cases in this Court. To date, Buckshaw has filed 35 civil cases or habeas corpus petitions in this Court. None of those filings bear this Court's caption.

including the theft of a laptop computer and money for a bail bond in Virginia.  (*Id.*)  He asks

that unspecified state court orders be vacated, and he seeks money damages.  (*Id.* at 3.)  The

balance of the pleading consists of quotations of statutes, court rules, published legal forms, and

a "Declaration of Rights."  (*Id.* at 4-31.)

The Court takes judicial notice that Buckshaw filed the identical pleading in the United

States District Court for the Middle District of Florida on October 9, 2019.  *See Buckshaw v.*

*Tampa Library*, Civ A. No. 19-2602 (M.D. Fl.)  A United States Magistrate Judge issued an

Order on October 30, 2019 dismissing the Notice of Removal because there was no statutory

basis to remove the underlying criminal charge to federal court.  *Id.*, ECF No. 4.  The Magistrate

Judge noted also that Buckshaw sought to remove the same criminal action in 1999, but the

charges were remanded to the state court in that case as well.  *Id.*  Buckshaw was, nonetheless,

afforded an opportunity to file an amended complaint if he was able to cure the defects the court

identified in his pleading.  In a subsequent Report and Recommendation filed on December 6,

2019, the Magistrate Judge recommended that the case be dismissed for failure to prosecute after

Buckshaw failed to provide an affidavit of indigency to support his request to proceed *in forma*

*pauperis* and also failed to comply with the order directing him to file an amended complaint.

*Id.*, ECF No. 5.  That Report and Recommendation was adopted on December 26, 2019 and the

case was closed.  Buckshaw did not appeal the dismissal of the case.

As noted, the second Virginia removal is identical to the pleading Buckshaw filed in the

first Virginia removal.  The Court incorporates by reference the description of Buckshaw's

factual allegations set forth in the Court's Memorandum Opinion and Order remanding the state

court criminal charges and dismissing that case.  *See* Civ. A. No. 20-5947, ECF No. 3.

II.      **DISCUSSION**

Under the statute providing procedures for removal of criminal cases, when a defendant in a state criminal case attempts to remove the case to federal court, the federal district court must promptly examine the Notice of Removal and determine whether the case can properly be removed.  28 U.S.C. § 1455(b)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*

### A.       The Florida Removal

Like his earlier attempt to remove criminal charges to this Court, Buckshaw has failed to comply with the various procedural requirements for removal of a state criminal case.  First, Buckshaw's notice is untimely.  Under § 1455(b)(1) a "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time."  As the state court records indicate, and Buckshaw admits, he received the charge of sleeping on the library bench by Clearwater police in 1999.  (*See* ECF No. 1 at 4.)  Accordingly, the deadline for filing this removal action under § 1455 has long ago passed.  Because the removal is otherwise deficient, there exists no good cause to grant leave to file the removal now after such a lengthy delay.

Second, the removal statute specifies that a state court defendant "desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. . . ."  28 U.S.C. § 1455(a).  Under this provision

Buckshaw cannot remove a criminal matter from a Florida state court to the United States

District Court for the Eastern District of Pennsylvania.

Moreover, the pleading Buckshaw sent to the Court is not hand signed as required by

Rule 11.[2]  Rather, it contains only what appears to be a computer-generated signature.  Rule

11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion,

and other paper must be signed by at least one attorney of record in the attorney's name – or by a

party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  The United States

Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name

handwritten (or a mark handplaced)."  *See Syville v. New York City of New York*, Civ. A. No. 20-

0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532

U.S. 757, 764 (2001)).

Finally, Congress has provided for only a limited set of circumstances where a defendant

may remove a criminal case to federal court.  First, 28 U.S.C. § 1442 provides for removal of

civil and criminal actions against the United States or its officers acting under color of office.

*See Minnesota v. Bugoni*, Crim. No. 15-157, 2015 WL 2451255 *2 (D. Minn. May 21, 2015)

(summarizing provisions of 28 U.S.C. § 1442).  While Buckshaw cites this statute (ECF No. 1 at

10-11), he provides no factual allegations to establish in a plausible manner that he is an officer

of the United States.

Second, under § 1442a, where the criminal prosecution is against a member of the armed

forces "on account of an act done under color of his office or status," the defendant may be able

---

[2] Because obtaining an actual signature is neither impractical nor imprudent, the Court declines
to accept an electronic signature under the discretionary authority contained in the Court's May
13, 2020 Standing Order entitled *In re:  Use of Electronic Signatures*.

to remove the case to federal court.  Buckshaw does not allege he is a member of the armed

forces.

Third, § 1443 provides an additional basis for removal of a criminal prosecution. That

statute provides:

> Any of the following . . . criminal prosecutions, commenced in a State court may
> be removed by the defendant to the district court of the United States for the
> district and division embracing the place wherein it is pending:
>> (1) Against any person who is denied or cannot enforce in the courts of
>> such State a right under any law providing for the equal civil rights of
>> citizens of the United States, or of all persons within the jurisdiction
>> thereof;
>> (2) For any act under color of authority derived from any law providing for
>> equal rights, or for refusing to do any act on the ground that it would be
>> inconsistent with such law.

28 U.S.C. § 1443.  The United States Supreme Court has held that in order to remove a case

under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal

petitioner arises under a federal law providing for specific civil rights stated in terms of racial

equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal

rights in the courts of (the) State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotations

omitted).  Other than a conclusory allegation that he is unable to obtain equal rights, Buckshaw's

allegations do not plausibly satisfy either prong of this test.  At no point in the pleading does

Buckshaw allege that he is attempting to remove his case based on any form of racial inequality

or that there is an express state law that prohibits him from exercising his rights under that civil

rights law.  Neither does he assert that the charged crimes arose from his action or refusal to act

under color of a civil rights law.

Finally, as noted by the United States Magistrate Judge, Buckshaw has, on at least two

prior occasions, sought unsuccessfully to remove the same criminal charges.  The earlier

decisions denying relief on identical claims are *res judicata* to his current claim.  *Duhaney v.*

6

*Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) ("Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit.") (quoting *In re Mullarkey,* 536 F.3d 215, 225 (3d Cir.2008)); *see also Przybylski v. North Dakota*, Civ. A. No. 19-279, 2020 WL 2029972, at *2 (D.N.D. Apr. 6, 2020), *report and recommendation adopted,* 2020 WL 2025352 (D.N.D. Apr. 27, 2020) (dismissing repetitious criminal removal petition on *res judicata* grounds).

### B.      The Second Virginia Removal

The Court incorporates by reference the full rationale for dismissing the first Virginia removal and will dismiss the second Virginia removal for the reasons stated previously. Moreover, this Court's decision in the first Virginia removal bars relief in the second Virginia removal on the same *res judicata* grounds discussed above. *Przybylski*, 2020 WL 2029972, at *2.

## III.    CONCLUSION

Accordingly, the Court concludes there is no avenue available to Buckshaw for removal of either the Florida or Virginia state criminal prosecution to federal court. An appropriate Order for summary remand and to close these cases follows.

BY THE COURT:

/s/Joel H. Slomsky, J.
**JOEL H. SLOMSKY, J.**